UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY CONTE,

                                  Plaintiff(s),                  MEMORANDUM
                                                                   OPINION AND ORDER

            -against-                                                       CV 06-4859 (JFB) (ETB)

NEWSDAY, INC. et al.,

                                  Defendants(s).
----------------------------------------------------------------X

      Before the Court is Consumer Defendants'[1] motion to extend time to serve an expert report and to strike the expert report of plaintiff ( the "motion" or "motion to strike") (Docket No. 383). For the reasons that follow, the motion is granted in part and denied in part.

### BACKGROUND

      This action has been pending since September 2006. Plaintiff's remaining claims allege violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as various state law torts. In an order dated April 12, 2011 (the "April 12 order") (Docket No. 350), the undersigned set the following schedule: "The pro se plaintiff shall serve any expert report in compliance with the provisions of Rule 26(a)(2), Fed. R. Civ. Proc., on or before May 20, 2011; defendants' expert reports shall be filed on or before June 17, 2011. This is the final schedule." (April 12 order at 5). On June 16, 2011, Consumer Defendants filed the instant motion to strike. In it, they assert that plaintiff's Amended and Supplemented Valuation Report ("amended expert report") (Docket No. 375), dated May 20, 2011, should be stricken under Federal Rule of Civil Procedure 37(c) ("Rule

---

[1]"Consumer Defendants" comprise defendants Consumer Warehouse Center, Inc., James S. Baloga, Jr., James S. Baloga, Sr., and Mario Escamilla

37(c)") because it is untimely and fails to follow the requirements of Federal Rule of Civil Procedure 26(a)(2) ("Rule 26(a)(2)"). Consumer Defendants assert that plaintiff emailed them a copy of his amended expert report, estimating plaintiff's alleged loss at $549,000,000, on May 24, 2011, four days after the due date. (See motion to strike at 1;[2] see also amended expert report at 11). They assert the amended expert report violates Rule 26(a)(2) because (1) it was untimely; (2) it is conclusory on the issue of which defendants caused which damages; and (3) it fails to list the other cases in which the expert testified at trial or in a deposition within the last four years pursuant to Rule 26(a)(2)(v) and fails to provide a statement of compensation to be paid for the study or testimony pursuant to Rule 26(a)(2)(vi). (See motion to strike at 2). As a sanction for these failures, Consumer Defendants seek an order pursuant to Rule 37(c) precluding plaintiff from presenting expert testimony at trial or in support of a summary judgment motion. (See id.). Finally, they ask for a sixty-day extension (to be measured from the date of the order disposing of the motion) to serve their expert report, "since [Consumer Defendants] [are] unable to obtain a rebuttal expert without a proper expert report first being submitted by plaintiff." (Id. at 1, 3).

DISCUSSION[3]

I. Legal Standard

Rule 37(c)(1) allows a court to preclude expert testimony and information included in an

---

[2] The motion to strike attaches, as Exhibit A, plaintiff's initial expert report dated December 11, 2009 ("initial expert report") and apparently prepared for Conte v. County of Nassau, et al., No. 06-cv-4746, a pending related case involving different defendants. Exhibit B is the amended expert report. Consumer Defendants appear to object to the initial expert report on the grounds that it, too, is conclusory because it does not disaggregate damages among the defendants. (See motion to strike at 2).

[3] The Court will address Consumer Defendants' issues in a different order than they are presented in the motion to strike.

expert report if the party proffering it has violated Rule 26(a) by "failing to provide information or identify a witness as required" by that subsection. Fed. R. Civ. Proc. 37(c)(1). Preclusion for violation of Rule 26(a) is not mandatory. Rather, courts in this Circuit have recognized that preclusion is a "harsh sanction." See Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd., — F. Supp. 2d —, 2011 WL 182056, at * 4 (S.D.N.Y. Jan. 14, 2011); see also Lab Crafters, Inc. v. Flow Safe, Inc., No CV-03-4025, 2007 WL 7034303, at *2 (E.D.N.Y. Oct. 26, 2007) (recognizing that preclusion is a "drastic remedy"). Thus, preclusion is a discretionary remedy even if "the trial court finds that there is no substantial justification and the failure to disclose is not harmless." Design Strategy. Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006) (internal quotation marks omitted).

In deciding whether to impose sanctions, such as preclusion, the court must consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the [putatively] precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (internal quotation marks omitted, first and third alterations in original).

II. Timeliness

Consumer Defendants assert that they received plaintiff's amended expert report on May 24, 2011, four days after the April 12 order required it to be served. They assert that plaintiff "emailed a copy to us on Tuesday, May 24th and mailed a service copy postmarked May 24th." (Motion to strike at 1). Consumer Defendants provide no evidence for this assertion, such as a declaration attaching the email and/or a postmarked envelope. However, the amended expert report's affidavit

of service, which plaintiff filed with the Court on May 24, 2011, asserts that plaintiff's Expert Report was mailed on May 20, 2011. (See Docket No. 375-1). The affidavit of service trumps Consumer Defendants' letter representation.

Moreover, even if the amended expert report were untimely by four days, application of the Balsamico factors indicate that it should not be precluded under Rule 37(c). The first factor–explanation for the alleged lateness–is moot since plaintiff has submitted proof of timely compliance and therefore provides no explanation for lateness. As to Balsamico's second factor, the report sought to be precluded is important to plaintiff's case. The amended expert report calculates plaintiff's losses, premised on the assumption that the allegations in the Second Amended Complaint in (related case) Conte v. County of Nassau, Case No. 06-cv-4746 and the Third Amended Complaint in the instant case are true. (See amended expert report at 11). Regarding prejudice, it is difficult to see how the Consumer Defendants could have been prejudiced by a delay of four days, especially when they had until June 17, 2001, to file their own expert report. The final factor–the availability of a continuance–is irrelevant here. A briefing schedule for motions for summary judgment has not been set, nor is there a trial date, therefore there is no need for a continuance.

Consumer Defendants present no legal support for their assertion that this Court should strike the amended expert report based on a four-day delay. (See Motion to Strike at 1 (stating that plaintiff's "expert disclosure is untimely and should be stricken for this reason alone")). The cases they cite do not strike expert reports for untimeliness; rather the cases they point to merely deny motions to extend the deadline for expert disclosure. See Murray v. Roadway Express, No. 09-cv-1337, 2010 WL 3023905, at *2 (E.D.N.Y. July 30, 2010); Levy v. Eisner, No. 04 Civ. 0398, 2006 WL 2015368, at *1 (S.D.N.Y. July 12, 2006). While the Court recognizes that untimeliness can be a valid reason to strike an expert disclosure, that sanction is far too drastic and clearly not appropriate

in this situation. See, e.g., Murray, 2010 WL 3023905, at *2 (denying "plaintiff's motion to strike defendants' reports as untimely").

III.   Failure to Include Information Required by FRCP 26(a)(2)(v) & (vi)

Plaintiff admittedly failed to include "a list of the expert's prior testimony and a statement of compensation," which are required by Rule 26(a)(2)(v) & (vi).[4] (Opposition at 2). He asserts that the last two pages of the amended expert report, which contain the necessary information, were inadvertently left off of his original copy of the report, but that he has made "arrangements" for the pages to be provided to defendants. (See id.). This failure does not warrant preclusion.

While plaintiff's excuse of inadvertence is not "substantial justification," Consumer Defendants are unable to point to any prejudice. The omitted pages were not substantive sections of the expert reports and their omission was unlikely to have impeded the preparation of a rebuttal expert report. Nor is there any claim that the omissions interfered with preparation for or accomplishment of a deposition of plaintiff's expert. While Consumer Defendants are entitled to the information under Rule 26(a)(2), it is tangential to the substance of the expert reports. See Wechsler v. Hunt Health Sys., Ltd., No. 94 Civ. 8294, 2003 WL 470330, at *4 (S.D.N.Y. Feb. 25, 2003) (noting that such information "can be provided in the form of a statement from plaintiff to defendants, and does not necessarily need to be written and prepared by the expert witness"). Moreover, according to plaintiff, defendants currently have or will soon have the missing pages. Preclusion is not a proper sanction under these circumstances. See id. (allowing supplementation

---

[4] The amended expert report, like the initial expert report, was prepared by two experts, Barry L. Pulchin and Olga Danilytcheva-Averin. (See inital expert report at 11; amended expert report at 11). A curriculum vitae for each is included in the amended expert report, but the list of prior testimony and statement of compensation is not. (See id. at 23-27).

of expert report to include requested compensation information). In the event that the omitted information has not been provided, Plaintiff is directed to produce the missing pages of the amended expert report to all defendants within five (5) days of the date of this order, and file proof of such service with the Court.

IV. Conclusory Nature

Consumer Defendants also charge that the expert reports are "conclusory." (See motion to strike at 2). They assert that the initial expert report is a copy of the expert report in the related case Conte v. County of Nassau, et al., No. 06-cv-4746, and that the amended expert report is merely a version of the initial expert report "amended . . . to also name this case." (Id.). They assert that the reports are "conclusory regarding which defendants caused what damages, why, or how." (Id.). Consumer Defendants point to language in the amended expert report that states that "licensing sales declined dramatically allegedly as the result of the combined actions of the defendants in [Conte v. County of Nassau, et al.] . . . and the defendants in Conte v. Newsday, Inc., et al[.]." (See amended expert report at 5; see also motion to strike at 2). This conclusory assertion, Consumer Defendants argue, does not comport with the requirement of Rule 26(a) that the expert report provide "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. Proc. 26(a)(2)(B)(i); (see motion to strike at 2). Consumer Defendant's objections go more to the admissibility and weight of the expert reports than to their satisfaction of Rule 26(a)(2)'s requirements.

Rule 26 is designed to prevent a party from "sandbagging" an opposing party with new evidence. See Ebowo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004). Therefore, courts may strike expert reports if they are insufficiently detailed and complete to satisfy Rule 26(a)(2).

See, e.g., St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., No. 91 Civ. 0748, 1996 WL 19028, at *12 (S.D.N.Y. Jan. 17, 1996); see also Giladi v. Strauch, No. 94 Civ. 3976, 2007 WL 415365, at *7 (S.D.N.Y. Feb. 6, 2007). An expert report that lacks detailed discussion and fails to "include any of the underlying conclusions on which the experts' ultimate opinions are based" violates Rule 26(a)(2)(B) and may be excluded pursuant to Rule 37. St. Paul Fire & Marine Ins., 1996 WL 19028, at *12. "A damage figure in an expert report cannot satisfy Rule 26(a)(B)(2) simply by stating a conclusory figure and them attaching documents that purportedly support that figure. Rather, the report must supply actual calculations with detailed and complete information elucidating how the expert arrived at the damage figure." Great White Bear, LLC v. Mervyns, LLC, No. 06 Civ. 13358, 2008 WL 2220662, at *3 (S.D.N.Y. May 27, 2008). Plaintiff's expert reports satisfy Rule 26(a)(2)'s standard. They contain adequate statements explaining methodology, the sources relied on, and the manner of calculation. (See initial expert report at 6-11; amended expert report at 6-11). They further include figures and charts documenting the calculation of the ultimate damages estimate. (See initial expert report at 12-20; amended expert report at 12-20). The reports' failure to disaggregate the damages does not cause them to violate Rule 26's requirement that a report contain "a complete statement of all opinions . . . and the basis and reasons for them." Fed. R. Civ. Proc. 26(a)(2)(B)(i). Consumer Defendants point to no applicable case law, and the Court has found none, that suggests entitlement to the relief requested.

The fact that the expert reports are not precluded for violation of Rule 26(a) should be distinguished from the question of their admissibility under Federal Rule of Evidence 702 ("Rule 702"). Whereas Rule 26(a) guards against the presentation of sketchy and vague expert reports that provide little guidance to the opposing party as to an expert's testimony, Rule 702 guards against the presentation of insufficiently reliable evidence to the finder of fact. See Giladi, 2007 WL 415365,

at *7-*10 (performing separate inquiries regarding the sufficiency of an expert report under Rule 26(a) and the admissibility of the expert's testimony under Rule 702). Under Rule 702, an expert's testimony is admissible if it will assist the trier of fact and is (1) "based upon sufficient facts or data"; (2) "the product of reliable principles and methods"; and (3) "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. "In assessing the reliability of expert testimony, the trial court must decide not only whether an expert's methodology is reliable for some purposes, but whether it is a reliable way 'to draw a conclusion regarding the particular matter to which the expert testimony was directly relevant.'" R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 154, 119 S. Ct. 1167, 143 L .Ed. 2d 238 (1999)). A damages report that fails to allocate damages among different defendants may be inadmissible because it is not a reliable way to draw a conclusion regarding damages in a multi-defendant case. See, e.g., R.F.M.A.S., 748 F. Supp. 2d at 267-68 ("[I]f the testimony of plaintiff's putative damages experts were admissible, it would be of limited utility. [The experts] were not asked to (and did not) distinguish between the liability of . . . [the various] defendants or separate the harms flowing from each assumed legal violation . . . . They concluded only that 'defendants' actions,' collectively, caused the deterioration of plaintiff's relationship with Neiman Marcus. Thus, their testimony, if admissible, would be helpful to determining damages only if all defendants were found jointly and severally liable on every cause of action alleged."); see also In re High Pressure Laminates Antitrust Litig., No. 00 MDL 1368, 2006 WL 931692, at *1-*2 (assessing the admissibility of expert testimony that failed to disaggregate damages according to each alleged act of collusion and concluding that "[a]t most, the failure to disaggregate goes to the weight of the testimony").

Plaintiff claims here that the conduct of various defendants harmed plaintiff in various ways;

however, the individual Lanham Act claims, for example, do not apply to all defendants. Similarly, the supplemental state law claims do not apply to all defendants. The question of whether the expert reports and testimony based on them is sufficiently reliable to assist the trier of fact is an issue that falls within the exclusive province of the trial judge. See, e.g., Am. Mfrs. Mutual Ins. Co. v. Payton Lane Nursing Home, Inc., No. CV 05-5155, 2010 WL 741971, at *9 (E.D.N.Y. Feb. 23, 2010) (noting that a trial judge must have flexibility to determine admissibility of evidence "in light of the factual context in which the testimony is presented").

V.     Extension of Time

Even though Consumer Defendants were permitted twenty-seven (27) days to file a rebuttal report pursuant to the April 12 order, they now request sixty (60) days from the date of this order to file their rebuttal expert report. Consumer Defendants have had plaintiff's amended expert report since May 24, 2011. No rationale is provided for seeking this enlargement of time. Consumer defendants shall file their rebuttal report within fourteen (14) days from the date of this order. Moreover, based on the questionable merit of the issues raised by Consumer Defendants, as well as the timing of this letter motion, which was filed one day before the due date of their rebuttal expert report, pending further order by this Court, Consumer Defendants shall make any future request for relief by formal motion, initiated by a letter request–not exceeding three pages–seeking leave to file a formal motion.

CONCLUSION

For the foregoing reasons, Consumer Defendants' motion to strike the plaintiff's expert report is DENIED and the request for an extension of time is GRANTED to the extent that any

rebuttal report of said defendants shall be served and filed within fourteen (14) days from the date herein. Plaintiff is ORDERED to supplement his amended expert report, within five (5) days of the date of this order, with a list of the other cases in which his experts testified at trial or in a deposition within the last four years pursuant to Rule 26(a)(2)(v) and a statement of compensation paid to each expert for the study or testimony pursuant to Rule 26(a)(2)(vi).

**SO ORDERED:**

Dated:  Central Islip, New York
        July 7, 2010

                                                /s/ E. Thomas Boyle
                                                E. THOMAS BOYLE
                                                United States Magistrate Judge