UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY CONTE,

                          Plaintiff(s),              <u>MEMORANDUM
OPINION AND ORDER</u>

      -against-

                                                      CV 06-4859 (JFB) (ETB)

NEWSDAY, INC. et al.,

                          Defendants(s).
------------------------------------------------------------------X

Before the Court is defendants' Motion for Discovery ("Motion") requesting "that the Court order the plaintiff Anthony Conte to allow [defendants] to take the depositions of his designated experts for a 'reasonable fee.'" (Motion at 1). For the reasons below, the Motion is granted in part.

### BACKGROUND

This action, which has been pending since September 2006, alleges violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as various state law torts. Plaintiff served his amended expert report regarding damages on May 20, 2011. Defendants noticed the depositions of plaintiff's damages experts–Olga Danilytcheva-Averin and Bruce L. Pulchin–for July 27 and 28, 2011. (Motion at 1). Defendants offered to pay the experts in advance for 7 hours of deposition time and reasonable travel time, with any additional costs to be invoiced after the depositions. (<u>Id.</u>). Plaintiff countered, asking for an advance payment of $12,600, reflecting compensation for 16 hours of testimony, 16.8 hours of preparation, and 3.2 hours of travel time. (<u>Id.</u>) Defendants then offered to pay $3,850.00 in advance (reflecting compensation for 7 hours of deposition testimony, 3 hours of preparation, and 2 hours of travel time) and, if additional days of testimony were required, to

make similar advance payments at the start of each day. (Id.). This offer was rejected. (Id.). Defendants claim plaintiff thereafter demanded payment of $25,850 (representing 32 hours of deposition testimony, 35.1 hours of preparation, and 6.4 hours of travel time). (Id.). Plaintiff's experts failed to appear for their scheduled depositions. (See Plaintiff's Letter Dated Aug. 5, 2011 re: Clarification ("Aug. 5 Letter") at 1).[1] Plaintiff asserts that the next time plaintiff's experts are available for deposition is September 19, 2011. (See Motion at 3; Aug. 5 Letter at 2).

## Discussion

Federal Rule of Civil Procedure 26(b)(4)(A) allows a party to "depose any person who has been identified as an expert whose opinion may be presented at trial." Fed. R. Civ. Proc. 26(b)(4)(A). Federal Rule of Civil Procedure 26(b)(4)(E) states: "Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent responding to discovery under Rule 26(b)(4)(A) . . . ."[2] Fed. R. Civ. Proc. 26(b)(4)(E). "While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert." Reit v. Post Props., Inc., No. 09 Civ. 5455, 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4, 2010) (internal quotation marks omitted); see also Johnson v. Spirit Airlines, No. CV 07-1874, 2008 WL 1995117, at *1 (E.D.N.Y. May 6, 2008) ("[I]t is the court's prerogative to balance one party's need to retain a competent expert with the need to protect the opposing party from being unfairly burdened with excessive ransoms which

---

[1] The letter is actually dated August 2, 2011; however, as the docket reflects that it is dated August 5, 2011, the Court will refer to it as the August 5 Letter.

[2] The 2010 amendments to the Federal Rules of Civil Procedure renumbered Federal Rule of Civil Procedure 26(b)(4)(C) as Federal Rule of Civil Procedure 26(b)(4)(E). See Fed. R. Civ. Proc. 26 advisory committee's notes to 2010 amendments

produce windfalls for the party's experts" (internal quotation marks omitted)).

Courts consider the following factors in determining whether a requested expert fee is reasonable:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee actually being charged to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

Broushet v. Target Corp., — F.R.D. —, 2011 WL 1750753, at *1 (E.D.N.Y. Mar. 3, 2011). Time spent in preparation and travel, as well as out-of-pocket expenditures, are generally compensable. See Kreyn v. Gateway Target, No. CV 05-3175, 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008) (citing Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 646 (E.D.N.Y. 1997) and Feliciano v. County of Suffolk, 246 F.R.D. 134, 137 (E.D.N.Y. 2007)). "The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable." Id.; see also Reit, 2010 WL 4537044, at *2; Garnier v. Ill. Tool Works, Inc., No. 04 CV 1825, 2006 WL 1085080, at *2 (E.D.N.Y. Apr. 24, 2006).

Although defendants have the right to depose plaintiff's experts at a "reasonable fee," to the extent that defendants' Motion asks the Court to set such a fee, it is premature. The rule and the case law makes it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively–that is, after the deposition has taken place. The rule clearly contemplates that a court order will be issued subsequent to the deposition, as it requires a

court to order payment of a "reasonable fee for time spent in responding to discovery." Fed. R. Civ. Proc. 26(b)(4)(E). For this reason, "[t]he pertinent rule thus teaches that once [the expert] has actually 'spent' time responding to . . . questions at the deposition, he may then bill . . . for a 'reasonable' fee for that amount of 'time.'" Johnson, 2008 WL 1995117, at *1). Additionally, in determining the reasonableness of any fees demanded, the court should take into account, among other factors, "the nature, quality and complexity of the discovery responses provided." Broushet, 2011 WL 1750753, at *1; see also Magee, 172 F.R.D. at 645; Mathis v. NYNEX, 165 F.R.D. 23, 24 (E.D.N.Y. 1996). It is speculative to make such a determination prospectively. Furthermore, the cases place the burden of demonstrating the reasonableness of any "reimbursement" sought on the party who hires the expert. Broushet, 2011 WL 1705753, at *1; Reit, 2010 WL 4537044, at *2; Garnier, 2006 WL 1085080, at *2. This, too, indicates that any order regarding fees should be deferred until after expert depositions have taken place.

Even without this guidance from the text of the rule and the cases interpreting it, the Court is unable to determine a reasonable fee based on the information provided by the parties. No attempt has been made to justify the experts' apparent hourly rate of $350.00. (See Motion, Exh. 2, at 2 ("In case our testimony is required in this matter, the hourly rate in $350.00.")). Nor, as noted above, can the Court determine in advance how much time will reasonably be expended in preparation for, traveling to, or attending the depositions.

Plaintiff asserts that he demanded payment in advance "out of fear that defendants would refuse to pay my experts their reasonable fees and that I might become liable for whatever they refused to pay." (Aug. 5 Letter at 1). Plaintiff forgets that he retained these experts and it is his responsibility to pay them. While the Federal Rules of Civil Procedure entitle plaintiff to reimbursement for "reasonable fees" in connection with his expert's depositions, defendants are

under no obligation to pay fees charged by experts plaintiff has retained if those fees are found to be unreasonable. See Reit, 2010 WL 4537044, at *2 ("While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert."); see also Lamere v. N.Y. State Office for the Aging, 223 F.R.D. 85, 93 (N.D.N.Y. 2004) ("The determination of a reasonable fee and for what services, including preparation, falls solely within [the court's] province."). Nor, as discussed above, does the rule entitle plaintiff to payment in advance. See Fed. R. Civ. Proc. 26(b)(4)(E) (entitling an expert to a reasonable fee for "time spent" responding to discovery); Johnson, 2008 WL 1995117, at *1 ("[The expert] therefore may not insist on advance payment . . . ."). Rather, if the parties cannot agree to reasonable reimbursement for plaintiff's experts following their depositions, either party may apply to the Court for such a determination.

## CONCLUSION

For the foregoing reasons, plaintiff is afforded an additional opportunity to produce his expert witnesses for deposition at a mutually agreeable time on or before September 30, 2011, and expert discovery is extended for this limited purpose. In the event that plaintiff fails to timley produce his experts, plaintiff will be precluded from offering such expert testimony at trial. There is no dispute that the expert witnesses are entitled to a "reasonable fee for the time spent responding" to defendants' discovery demands. Fed. R. Civ. Proc. 26(b)(4)(E). There are, however, no special circumstances involved here which would dictate that this determination be made before the depositions. The Court will make this determination following the depositions, on motion of any party, in the event that the parties are unable to reach an agreement. Defendants' Motion to conduct expert depositions at a reasonable fee is granted to the limited extent provided above, and without

prejudice to the filing of a motion to set that fee following the completion of such depositions in the event that the parties are unable to reach an agreement.

**SO ORDERED:**

Dated: Central Islip, New York
       August 10, 2010

                                      /s/ E. Thomas Boyle
                                      E. THOMAS BOYLE
                                      United States Magistrate Judge