UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANTHONY CONTE,

                                                 Plaintiff,                       <u>MEMORANDUM</u>
                                                                                      <u>OPINION AND ORDER</u>

            -against-                                                              CV 06-4859 (JFB) (ETB)

NEWSDAY, INC., et al.,

                                               Defendants.
-----------------------------------------------------------------------X

      The issue here is what is a "reasonable fee" under Rule 26(b)(4)(E)(i), Fed. R. Civ. P., to reimburse plaintiff's expert on damages for the deposition taken by the Newsday and Consumer Warehouse defendants.

<u>Facts</u>

      On October 3, 2011, the Newsday defendants' counsel deposed plaintiff's expert witness, Barry Pulchin, a certified public accountant from the firm Metis Group, LLC in Plainview, New York, who provided a valuation report of plaintiff's business, I Media. The deposition was conducted at the courthouse in Central Islip and lasted approximately seven hours. Mr. Pulchin's colleague, Olga Averin, also attended the deposition but was not deposed. Thereafter, Mr. Pulchin submitted an invoice to the Newsday defendants totaling $48,781.50, for monies owed for the preparation and attendance at the deposition and responding to defendants' document subpoena. (Def. Letter dated Nov. 14, 2011, Ex. A.) The fees sought are broken down as follows: (1) 65.59 hours preparing for the deposition at a billing rate of $350 per hour, totaling $22,956.50; (2) 58.6 hours responding to defendants' document subpoena at varying billing rates

of $150 and $350 per hour,[1] totaling $19,350.00; and (3) 18.50 hours traveling to and attending the deposition at a rate of $350 per hour, totaling $6,475.00.

The defendants dispute the reasonableness of the fee charged. The defendants do not oppose Mr. Pulchin's hourly rate of $350; however, they challenge the number of hours spent preparing for and attending the deposition. In addition, the defendants take issue with charges billed for the time spent by Mr. Pulchin's colleague, Ms. Averin, for preparing and attending the deposition since she was not deposed and since plaintiff represented to the Court that defendants would not be charged for the time that Ms. Averin attended the deposition.

It is further noted that Pulchin and Averin previously prepared virtually the same expert report in Conte v. County of Nassau, et al., a related case in which Mr. Conte is also a pro se plaintiff. (Def. Letter dated Nov. 14, 2011.) Therefore, the fee allocable to this action is approximately $12,000. Thus, the total reimbursement fee sought by the plaintiff herein is approximately four times the allocable cost billed to plaintiff for the report in this action. It is undisputed that the pro se plaintiff still owes this expert $18,720 on the $24,720 bill. It is undisputed that "no significant work was done to amend the report for this particular action." (Newsday defendants opposition, dated Nov. 14, 2011). It is further not disputed that despite the defendants' request for supplemental information to describe the 65 ½ hours of services, none has been provided.

---

[1] The response to defendants' document subpoena appears to include time spent by an associate whose initials are "LR." No other information has been provided, and this person's identity and the type of services provided have not been disclosed to the court.

Discussion

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "a party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26. In his letter to the court dated November 11, 2011, plaintiff identifies Mr. Pulchin as one of the expert witnesses with the C.P.A. firm, Metis Group, LLC in Plainview, New York, who prepared a valuation report of his business relevant to the issue of damages. Defendants are entitled to seek discovery from Mr. Pulchin pursuant to Rule 26(b)(4)(A), provided that Mr. Pulchin receives "a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E). A "reasonable fee" includes compensation for the expert's time during a deposition," but the potential compensability of other related costs is not clearly defined. 6 James Wm. Moore et al., Moore's Federal Practice § 26.80(3)(d) (3d ed. 2011) ("Even less certain is whether other expenses such as preparation time, lodging, and travel costs should be included in the "reasonable fee" determination.").

"The determination of a reasonable fee and for what services, including preparation, falls solely within [the court's] province." Reit v. Post Properties, Inc., No. 09 Civ. 5455, 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4, 2010) (quoting Lamere v. N.Y. Office for the Aging, 223 F.R.D. 85, 93 (N.D.N.Y. 2004)) (alteration in original). No clear standard exists for making a determination of reasonableness when it comes to expert fees. See Goldwater v. Postmaster General, 136 F.R.D. 337, 339 (D. Conn. 1991) ("There is very little authority as to what is meant by the term 'a reasonable fee.'"). "The party seeking reimbursement of deposition fees bears the burden of proving reasonableness. . . . If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee."

New York v. Solvent Chem. Co., Inc., 210 F.R.D. 462, 468 (W.D.N.Y. 2002) (citations omitted).

An expert request for deposition fees is somewhat analogous to a request for attorney's fees as both attorneys and experts are relying on the court to use its discretion in fashioning a reasonable fee. Here, the plaintiff has failed to provide any description of the hours spent by his experts in preparation for the deposition, simply listing the time. See (Def. Letter dated Nov. 14, 2011, Ex. A.) Defendants requested that Mr. Pulchin supplement his invoice with, "related descriptions of the time spent. . . . [but] he has refused." (Def. Letter dated Nov. 14, 2011.) A determination of a reasonable fee is made by comparing the fees charged with the following factors:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Mathis, 165 F.R.D. at 24 (quoting Goldwater, 136 F.R.D. at 340). "In addition, courts look to (1) the fee actually being charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters." Mathis, 165 F.R.D. at 25 (citation omitted). Factors 1-5 above would appear to be incorporated within the rate charged by Mr. Pulchin - $350 per hour - which is not disputed by the defendants.

The text of Federal Rule of Civil Procedure 26(b)(4)(E) provides no instruction as to what "responding to discovery" entails. "[D]istrict courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition," as well as the "time spent traveling to and from the deposition, and the expenses incurred during travel," are compensable, provided the

fees are "reasonable." Reit, 2010 WL 4537044, at *2 (quoting Solvent Chem.Co., 210 F.R.D. at 471-72). "The general rule . . . is that compensation for travel time should be half the regular hourly amount charged." Reit, 2010 WL 4537044, at *2 (quotation omitted).

Cases regarding the reasonableness of deposition preparation fees are not very instructive because they involve a fact-specific analysis of the factors enumerated above. Several district courts in the Circuit have held that the time spent preparing for a deposition should not exceed the time spent conducting the deposition itself. See, e.g., Packer v. SN Servicing Corp., 243 F.R.D. 39, 43 (D. Conn. 2007) (holding that "a party should be compensated pursuant to Fed. R. Civ. P. 26(b)(4)(E)(i) for the reasonable time spent by an expert in preparation for his deposition, but such time should not exceed the duration of the deposition itself"); Constellation Power Source, Inc. v. Select Energy, Inc, No. 3:04 cv 983, 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007) ("Constellation should not be reimbursed for more hours in preparation for the deposition than the deposition itself consumed-here, six hours."). This is the position taken by the defendants here. Such a strict rule, however, could lead to an arbitrary result depending on the particular circumstances of a given case.

According to the invoice provided to the parties, Mr. Pulchin and his colleague, Ms. Averin, spent 65.59 hours preparing for Mr. Pulchin's deposition. Plaintiff and his expert provide no detailed explanation to support the fees claimed. The invoice itself lists only the individual timekeeper and the number of hours spent, but fails to provide any indication of what tasks each individual completed during the stated time-frame. In an analogous case, an expert billed for sixty hours of preparation time where the deposition lasted only 6.5 hours. The court found that to be unreasonable. See In re AOL Time Warner ERISA Litigation, No. 2 cv 8853,

2007 WL 3145111, at *3 n. 9 (S.D.N.Y. Oct. 26, 2007) ("preparation time of that magnitude is not customarily considered reasonable." Id.)

The invoiced charges of 65 hours fails to satisfy the Federal Rules' requirement of reasonableness. The valuation report was originally created for a related action and superficially amended in September of 2011 for this action. Given Mr. Pulchin's recent amendment of the report, preparation over a three-month period between June 30 and September 23, 2011 should not have involved such an inordinate amount of time. Indeed, the report itself cost the plaintiff $24,720 for this and the related action. Thus, plaintiff seeks reimbursement far in excess of the amount billed the plaintiff for his expert report in both actions.

The experts' invoice also includes $16,905 in fees for time - 48.3 hours - associated with the pre-deposition time spent by Ms. Averin. Ms. Averin served as a co-author of the valuation report of plaintiff's business and her in-depth knowledge of the case was undoubtedly useful in helping to prepare Mr. Pulchin for his deposition. However, as noted above, the plaintiff represented to the Court and the parties present at the deposition that defendants would not be charged for the time spent by Ms. Averin - 8.5 hours - attending the deposition. (Def. Letter dated Nov. 14, 2011.) Neither the plaintiff nor Mr. Pulchin has provided any evidence to dispute this fact. Reimbursement under Rule 26(b)(4)(A), Fed. R. Civ. P., is not intended to be a windfall for either the party calling the expert or for the expert. Nor is it intended to be a means for the party calling the expert to recoup his expert fees or, in this case, pay off outstanding indebtedness to his expert.

Thus, since both Pulchin and Averin co-authored the report, I find that both are entitled to a reasonable fee for preparation for the deposition, even though only Pulchin was deposed. I find

that 10 hours for both is reasonable. There is no opposition raised by the defendants with respect to the rate charged of $350 for each. Accordingly, the court awards the sum of $3,500 to plaintiff's experts for preparation for the deposition.

Finally, Mr. Pulchin's invoice also includes fees for 58.6 hours of time purportedly spent by him and his associate, Ms. Olga Averin, responding to the defendants' document subpoena. However, "[b]ecause [Rule 26] requires the party designating the expert to produce the documents described, it does not appear that the expert should be compensated under [Rule 26] for collecting those documents in response to a deposition subpoena if they have not previously been provided by the party designating the expert." Packer, 243 F.R.D. at 43. The documents subject to the deposition subpoena fit within the categories of documents required by Rule 26(a)(2)(B).[2] The documents requested by the subpoena included: (1) Those documents pertaining to facts or data relied on in forming the expert opinion; (2) Documents pertaining to compensation; (3) Reports or analyses prepared for any case in the past four years; and (4) Any materials published in the previous ten years. (Subpoena dated September 20, 2011.)

Rule 26(a)(2)(b)(v) requires the disclosure of "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." Id. The subpoena exceeds the scope of this limited requirement, asking for the production of documents produced in connection with prior cases. (Subpoena dated Sept. 20, 2011) (requesting "any reports or

---

[2] Federal Rule of Civil Procedure 26(a)(2)(B) requires experts to include the following with the written report: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; (vi) a statement of the compensation to be paid for the study and testimony in the case.

analyses that you prepared or conducted as an expert in any case in the previous four years"). Mr. Pulchin refused to produce these documents, maintaining that the documents related to valuation in matrimonial actions and contained confidential material. Since there is no time record allocable to this item and nothing was produced, nothing will be awarded. With the latter exception, the production of documents sought pursuant to the defendants' subpoena consists of records that should have been turned over as mandatory discovery pursuant to Fed. R. Civ. P. 26(a)(2)(B), nothing is awarded for this purpose. Mr. Pulchin is entitled to be reimbursed for two (2) hours travel from Plainview to Central Islip and of course for seven (7) hours of deposition testimony - for a total of $3,150. Since Pulchin was the sole expert deposed, the court awards nothing for the time spent by Ms. Averin at the deposition or in her travel to and from the deposition. Accordingly defendants are directed to pay plaintiff's expert the sum of $6,650.

## Conclusion

For the foregoing reasons, plaintiff's expert, Mr. Pulchin, and Ms. Averin of Metis Group LLC, are awarded the sum of $6,650 as a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A). See Rule 26(b)(4)(E), Fed. R. Civ. P.

**SO ORDERED:**

Dated: Central Islip, New York
      January 9, 2012

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge